UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBERT PRIEST | ] | |
| Plaintiff, | ] | No. 3 09 0662 |
| | ] | (No. 3:09-mc-0155) |
| v. | ] | Judge Trauger |
| | ] | |
| STEPHEN J. CERNAWSKY, et al. | ] | |
| Defendants. | ] | |

## ORDER

The Court has before it a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed in forma pauperis (Attachment to Docket Entry No. 1).

The plaintiff is an inmate at the Deberry Special Needs Facility in Nashville. It appears from his application that he lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

The plaintiff is hereby ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding

monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff brings this action against Ricky Bell, Warden of the Riverbend Maximum Security Institution, and two members of the Riverbend staff, seeking injunctive relief and damages.

The plaintiff alleges that the defendants and other members of the Riverbend staff had secretly placed psychotropic drugs in his food and hidden a camera in his cell. He further claims that the staff "was going to kill me and make it look like suicide." The plaintiff acknowledges that he has suffered a mental breakdown and that he is currently receiving mental health care. The plaintiff believes that certain sexual activities that he had been engaged in were "broadcast" on other inmates' televisions and that staff members belonging to a sex cult known as the Golden Dawn attempted to entice other inmates to rape and murder him because he is not a homosexual.

The plaintiff's claims are so attenuated and unsubstantial as to be absolutely devoid of merit. They are an excellent example of the type of "fantastic and delusional scenario" that the Supreme Court has recognized to be frivolous within the meaning of 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). A district court possesses the authority to dismiss frivolous actions. Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985). Accordingly, this action is hereby DISMISSED.

Since the instant action has been found to be frivolous, an appeal of this order and the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 82 S.Ct. 917, 921 (1962). Therefore, the plaintiff is NOT certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is so ORDERED.

Aleta A. Trauger
United States District Judge